IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| T&W HOLDING COMPANY, LLC; PALAPAS, INC.; and IT'S FIVE O'CLOCK HERE, LLC, | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 3:22-cv-7 |
| v. | § § | JURY DEMANDED |
| CITY OF KEMAH, TEXAS | § § | |
| *Defendant.* | § § | |

## DEFENDANT CITY OF KEMAH'S MOTION TO DISMISS

The City of Kemah moves to dismiss Plaintiffs' complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) because Plaintiffs also fail to state a claim upon which relief can be granted.

## CERTIFICATE OF COMPLIANCE WITH THE COURT'S PROCEDURE

1.     Defendant has complied with the Court's procedures, including Procedure 6, before filing this motion. On February 7, 2022, Defendant sent correspondence to Plaintiff's counsel notifying Plaintiff of Defendant's intent to file this motion. Defendant informed Plaintiff of the Court's procedures and Plaintiff's opportunity to address the issues raised in this motion by amendment, if appropriate. Plaintiffs filed an amended complaint. [Doc. 10]. Plaintiffs' amended complaint does not cure the jurisdictional defects or Plaintiffs' failure to state a claim.

## <u>TABLE OF CONTENTS</u>

**Defendant City of Kemah's Motion to Dismiss** .................................................................. i

**Certificate of Compliance with the Court's Procedure** ................................................ i

**Table of Contents** ............................................................................................................. ii

**Table of Authorities** ....................................................................................................... iii

**Evidence in Support** ........................................................................................................ 1

**Factual Background** ......................................................................................................... 3

**Nature & Stage of the Proceedings** ................................................................................ 6

**Summary of the Argument** ............................................................................................. 7

**Argument & Authorities** ................................................................................................ 8

**Lack of Subject Matter Jurisdiction under Rule 12(b)(1)** ........................................... 8

   **I.**   **Takings Claims Not Justiciable** .................................................................. 8

         **A.The Palapas Outdoor Deck Claim Is Not Ripe** ................................... 10

         **B.Short-Term Rentals Claim Not Ripe** .................................................... 11

         **C.Food Truck Claim Not Ripe** ................................................................. 13

         **D.Vehicle-Towing Takings Claim Not Justiciable** ................................. 14

   **II.**   **The Due Process Claim Is Not Ripe** ........................................................ 16

   **III.**   **The Equal Protection Claim Is Not Ripe** ................................................ 17

   **IV.**   **Plaintiffs' Declaratory Judgment Claim Is Not Ripe** ........................... 17

**Failure To State a Claim Under Rule 12(b)(6)** .............................................................. 18

   **I.**   **Plaintiffs Fail to Allege Facts to State a Fifth Amendment Takings Claim** ..... 19

         **A.Plaintiffs Fail to State a Claim of a Taking for Palapas Outdoor Deck** ... 20

         **B.Plaintiffs Fail to State a  Claim of a Taking for Their**

         **Proposed  Short-Term Rentals** ................................................................ 22

         **C.Plaintiffs Fail to State a Takings Claim of a Taking Related**

         **to the Food Truck** .................................................................................... 22

         **D.Plaintiffs Fail to State a Takings Claim for Towing This**

         **Food Truck** .............................................................................................. 23

   **II.**   **Plaintiffs Fail to State a Due Process Claim** .......................................... 24

   **III.**   **Plaintiffs Fail to State an Equal Protection Claim** ................................. 25

   **IV.**   **Plaintiffs Fail to State a Declaratory Judgment Claim** ......................... 27

**Conclusion** ...................................................................................................................... 28

**Certificate of Service** ..................................................................................................... 29

# TABLE OF AUTHORITIES

**Federal Cases**

*Andrus v. Allard*,
    444 U.S. 51 (1979) (*accord. Hackbelt 27 Partners, L.P. v. Cty. of
    Coppell*, 661 F. App'x 843 (5th Cir. 2016)) ......................................... 20, 22

*Arbaugh v. Y & H Corp.*,
    546 U.S. 500 (2006) ......................................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 18, 19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 18

*Bennis v. Michigan*,
    516 U.S. 442 (1996), *superseded by statute*, Civil ...................................... 23

*Breath v. Cronvich*,
    729 F.2d 1006 (5th Cir. 1984) ...................................................................... 25

*Brite Fin. Servs., LLC v. Bobby's Towing Serv., LLC*,
    461 F. Supp. 3d 549 (E.D. Mich. 2020) ....................................................... 24

*Bryan v. City of Madison*,
    213 F.3d 267 (5th Cir. 2000) ................................................................... 26, 27

*Camacho v. Tex. Workforce Comm'n*,
    445 F.3d 407 (5th Cir. 2006) ........................................................................ 28

*Cedar Point Nursery v. Hassid*,
    141 S. Ct. 2063 (2021) .................................................................................. 23

*Cody v. Allstate Fire & Cas. Ins. Co.*,
    Civil Action No. 3:19-CV-1935-K, 2021 U.S. Dist. LEXIS 20406 (N.D.
    Tex. 2021) ...................................................................................................... 27

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) .......................................................................... 3

*Cuvillier v. Sullivan*,
    503 F.3d 397 (5th Cir. 2007) ........................................................................ 19

*Dahl v. Surfside Beach*,
    No. 3:20-cv-201, 2022 U.S. Dist. LEXIS 25757 (S.D. Tex. 2022)
    (Brown, J.) ....................................................................... 11, 13, 14, 15, 18

*Davis v. Castro*,
    122 F. Supp. 3d 603 (S.D. Tex. 2014) (Harmon, J.) ...................................... 2

*Degan v. Bd. of Trs. of the Dall. Police & Fire Pension Sys.*,
    956 F.3d 813 (5th Cir. 2020) ........................................................................ 19

*DM Arbor Court, Ltd. v. City of Hous.*,
    No. H-18-1884, 2021 U.S. Dist. LEXIS 203015 (S.D. Tex. 2021) ............... 20

*DM Arbor Court, Ltd. v. Cty. of Hous.*,
    988 F.3d 215 (5th Cir. 2021) ..................................................................... 9, 17

*Dock Partners Mgmt., LLC v. Kelldorf*,
    No. 4:20-CV-3689, 2021 U.S. Dist. LEXIS 24906 (S.D. Tex. 2021) ......................... 2

*Dominican Mgmt., LLC v. City of Arlington*,
    7 F. Supp. 3d 659 (N.D. Tex. 2014) ......................................................................... 21

*Dudley v. Kan. City Police Dep't*,
    No. 4:13-CV-918-DGK, 2014 U.S. Dist. LEXIS 61741 (W.D. Mo.
    2014) ......................................................................................................................... 24

*Evans v. Tubbe*,
    657 F.2d 661 (5th Cir. 1981) ..................................................................................... 2

*Evert v. City of Galveston*,
    No. G-10-117, 2010 U.S. Dist. LEXIS 94982 (S.D. Tex. 2010) ................................ 21

*Flanagan v. Chesapeake Expl., LLC*,
    No. 3:15-CV-0222-B, 2015 U.S. Dist. LEXIS 151521 (N.D. Tex. 2015) ................. 27

*Franciscan All., Inc. v. Burwell*,
    227 F. Supp. 3d 660 (N.D. Tex. 2016) ..................................................................... 15

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ..................................................................................... 3

*Griffin v. City of Sugar Land*,
    No. H-18-3121, 2019 U.S. Dist. LEXIS 5837 (S.D. Tex. 2019) ......................... 3, 4, 5

*Harris Cty. Tex. v. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) (*accord. Rogers v. Cty. of Yoakum*, 660 F.
    App'x 279 (5th Cir. 2016)) ....................................................................................... 27

*Hines v. Quillivan*,
    982 F.3d 266 (5th Cir. 2020) ................................................................................... 26

*Hudson v. Palmer*,
    468 U.S. 517 (1984) ................................................................................................. 25

*Hulen v. Corsicana*,
    65 F.2d 969 (5th Cir. 1933) ..................................................................................... 23

*Irwin v. Veterans Admin.*,
    874 F.2d 1092 (5th Cir. 1989) (*accord. Cell Sci. Sys. Corp. v. La.
    Health Serv*., 804 F. App'x 260 (5th Cir. 2020)) ...................................................... 2

*John Corp. v. Cty. of Hous.*,
    214 F.3d 573 (5th Cir. 2000) ................................................................................... 16

*Keystone Bituminous Coal Ass'n v. DeBenedictis*,
    480 U.S. 470 (1987) ................................................................................................. 23

*Kossie v. Crain*,
    602 F. Supp. 2d 786 (S.D. Tex. 2009) ..................................................................... 26

*Lewis v. Hanemann*,
    No. 14-3368, 2015 U.S. Dist. LEXIS 138331 (W.D. La. 2015) ............................... 24

*Lindquist v. Cty. of Pasadena*,
    525 F.3d 383 (5th Cir. 2008) ................................................................................... 24

*Lingle v. Chevron U.S.A. Inc.*,
    544 U.S. 528 (2005) ............................................................................................. 19, 20

*Miss. State Democratic Party v. Barbour*,
  529 F.3d 538 (5th Cir. 2008) ............................................................ 8, 14, 15
*Murphy v. City of Galveston*,
  No. 3:12-CV-00167, 2021 U.S. Dist. LEXIS 62210 (S.D. Tex. 2021) ...................... 11
*Murr v. Wisconsin*,
  __ U.S. __, 137 S. Ct. 1933 (2017) ............................................................ 20
*New Orleans & Gulf Coast Ry. Co. v. Barrois*,
  533 F.3d 321 (5th Cir. 2008) ............................................................ 8
*Norris v. Hearst Trust*,
  500 F.3d 454 (5th Cir. 2007) ............................................................ 18, 19
*Ohio Forestry Ass'n v. Sierra Club*,
  523 U.S. 726 (1998) ............................................................ 15
*Olivier v. Hicks*,
  No. 3:17-cv-01300, 2018 U.S. Dist. LEXIS 95282 (M.D. Tenn. 2018) ...................... 24
*Palazzolo v. Rhode Island*,
  533 U.S. 606 (2001) (O'Connor, J., concurring) ............................................. 21, 22
*Paternostro v. Custer*,
  No. 4:15CV71-RC-CMC, 2016 U.S. Dist. LEXIS 35254 (E.D. Tex.
  2016) ............................................................ 24
*Paterson v. Weinberger*,
  644 F.2d 521 (5th Cir. 1981) ............................................................ 3
*Qadriyyah Sabreeen El'amin Bnt Abdullah Bey v. Hood*,
  No. 6:19-CV-00227-JDK, 2020 U.S. Dist. LEXIS 99764 (E.D. Tex.
  2020) ............................................................ 24
*R2 Investments LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ............................................................ 19
*Raj v. La. State Univ.*,
  714 F.3d 322 (5th Cir. 2013) ............................................................ 8
*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) ............................................................ 8
*Residents v. Zone*,
  260 F. Supp. 3d 738 (S.D. Tex. 2017) ............................................................ 9
*Roark & Hardee LP v. City of Austin*,
  522 F.3d 533 (5th Cir. 2008) ............................................................ 14, 17
*Ruckelshaus v. Monsanto Co.*,
  467 U.S. 986 (1984) ............................................................ 21, 22
*Scanlan v. Texas A&M Univ.*,
  343 F.3d 533 (5th Cir. 2003) ............................................................ 3
*Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004) ............................................................ 19
*Steward v. City of New Orleans*,
  537 F. App'x 552 (5th Cir. 2013) ............................................................ 17

*Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*,
    535 U.S. 302, 122 S. Ct. 1465 (2002) ........................................................ 21
*Texas v. United States*,
    497 F.3d 491 (5th Cir. 2007) .................................................................. 16
*United States v. Riverside Bayview Homes, Inc.*,
    474 U.S. 121 (1985) ........................................................................ 21, 22
*United States v. Various Gambling Devices*,
    478 F.2d 1194 (5th Cir. 1973) ................................................................ 23
*Urban Developers LLC v. Cty. of Jackson*,
    468 F.3d 281 (5th Cir. 2006) ................................................... 8, 9, 10, 13, 14
*Vanderbrook v. Unitrin Preferred Ins. Co.*,
    495 F.3d 191 (5th Cir. 2007) .................................................................. 18
*Verde Minerals, LLC v. Koerner*,
    Civ. Action No. 2:16-CV-199, 2019 U.S. Dist. LEXIS 53960 (S.D. Tex.
    March 29, 2019) .............................................................................. 27
*In re Waller Creek, Ltd.*,
    867 F.2d 228 (5th Cir. 1989) .................................................................. 3
*Webb's Fabulous Pharmacies v. Beckwith*,
    449 U.S. 155 (1980) .......................................................................... 21
*Williams v. Bramer*,
    180 F.3d 699 (5th Cir. 1999) .................................................................. 26
*Wolcott v. Sebelius*,
    635 F.3d 757 (5th Cir. 2011) ................................................................... 8
*Xie v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
    No. H-19-5014, 2020 U.S. Dist. LEXIS 200418 (S.D. Tex. 2020) ......................... 23
*Zimmerman v. City of Austin*,
    881 F.3d 378 (5th Cir. 2018) .................................................................. 16

**State Cases**

*Corkery v. Tex. Christian Univ.*,
    955 S.W.2d 424 (Tex. App. Fort Worth 1997), *pet. denied* ......................... 25
*Cty. of Hous. v. Commons at Lake Hous., Ltd.*,
    587 S.W.3d 494 (Tex. App.—Houston [14th Dist.] 2019) ............................. 9
*Univ. of Tex. Med. Sch. at Houston v. Than*,
    901 S.W.2d 926 (Tex. 1995) ................................................................. 25

**Constitutions**

Texas Constitution Article I ......................................................................... 6
United States Constitution Fifth Amendment .................................................. 6, 14, 19, 23
United States Constitution Fourteenth Amendment ........................................... 6, 24

**Statutes**

Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, 114 Stat. 202 ........................ 23
Federal Declaratory Judgment Act ................................................................ 27
Kemah Ordinance No. 1193 ....................................................................... 1, 23
Tex. Occ. Code § 2308.451 ....................................................................... 15, 25

Tex. Occ. Code § 2308.452 ............................................................................... 25
Tex. Tax Code § 156.001(b) ............................................................................. 12
Texas Declaratory Judgments Act .................................................................... 28
Kemah Tx., Code § 1-14(e) ........................................................................ 11, 13
Kemah Tx., Code § 18-236 (2021) .................................................................. 10
Kemah Tx., Code § 22-47 ................................................................................ 12
Kemah Tx., Code § 114-51 ............................................................................. 12

**Court Rules**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) .................................... 1, 8, 18, 28
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ............................. 1, 3, 18, 27, 28
Rule 12 ............................................................................................................... 8

## **EVIDENCE IN SUPPORT**

The City's challenge to lack of subject matter jurisdiction is based on the following evidence:

| | |
|---|---|
| Exhibit A: | Declaration of Brandon Shoaf |
| Exhibit B: | City of Kemah Ordinance No. 1193. |
| Exhibit C: | City of Kemah Resolution Number 2017-11 |
| Exhibit D: | Consent to Approach Agenda Item and Sample Encroachment Form |
| Exhibit E: | Stop Work Order dated April 14, 2021 |
| Exhibit F: | Email from Brandon Shoaf to Terri Gale dated April 16, 2021 1:14 PM, Subject: Palapa Bar Update |
| Exhibit G: | Email from Brandon Shoaf to Terri Gale dated April 16, 2021 11:59 AM, Subject: Palapa Bar |
| Exhibit H: | Email from Brandon Shoaf to Walter Wilson dated April 23, 2021, Subject: 606 6th St. (Palapa Bar) |
| Exhibit I: | Email from Brandon Shoaf to Walter Wilson dated April 24, 2021, Subject: Mobile Food Truck (Palapa Bar) |
| Exhibit J: | Stop Work Order dated April 29, 2021 |
| Exhibit K: | Photograph of Red Tag on Food Truck, dated April 29, 2021 |
| Exhibit L: | Email from Walter Wilson to Brandon Shoaf, Terri Gale, and Walter Gant, dated April 29, 2021, Subject: Food trailer at Palapas |
| Exhibit M: | Email from James Harris to Dick Gregg Jr., dated May 12, 2021, Subject: Meeting on May 6, 2021 |
| Exhibit N: | Email from Brandon Shoaf to James Harris, dated May 28, 2021, Subject: Answers to Outstanding Questions Sub[m]itted by Palapa's Bar |
| Exhibit O: | On Hold Application for Short Term Rental |

1

Exhibit P:          Application for Certificate of Occupancy

Exhibit Q:          Failed Inspection Report July 8, 2021

Exhibit R:          Email from Brandon Shoaf to Matthew Placek and Walter
                    Wilson, dated July 8, 2021, Subject: Failed Inspection/No
                    Occupancy

Exhibit S:          Photograph of "0" Occupancy Notice

Exhibit T:          Unpaid Plumbing/Gas Permit Application

Exhibit U:          Memorandum from Gregg & Gregg, PC to Mayor and City
                    Council, dated September 22, 2021, RE: Palapas Bar

Exhibit V:          Photographs of Tags on Food Truck, dated October 8, 2021

Exhibit W:          Kemah Police Department Event Report, Event ID 2021-
                    546551

Exhibit X:          Letter from William S. Helfand to Brian Kilpatrick, dated
                    January 28, 2022

2.      This is a factual attack on subject matter jurisdiction, so the Court can consider any

evidence that goes to any element of subject matter jurisdiction. "Unlike in a facial attack

where jurisdiction is determined upon the basis of allegations of the complaint…when a

factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to

the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case." *Evans v. Tubbe*, 657 F.2d

661, 663 (5th Cir. 1981). The defendant may "submit[] affidavits, testimony, or other

evidentiary materials." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)

(*accord. Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 264 (5th Cir. 2020));

*Davis v. Castro*, 122 F. Supp. 3d 603, 608 (S.D. Tex. 2014) (Harmon, J.). "[O]nce a

defendant makes a factual attack and provides evidence to support same, the 'plaintiff is

also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Dock Partners Mgmt., LLC v. Kelldorf*, No. 4:20-CV-3689, 2021 U.S. Dist. LEXIS 24906, at *3-4 (S.D. Tex. 2021); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Defendant presents a factual attack on subject matter jurisdiction.

3.      Of course, even in the case of a facial attack under Rule 12(b)(6), the Court may consider documents attached to a motion to dismiss as part of the pleadings where such documents "are referred to in the plaintiff[s'] complaint and are central to [plaintiffs'] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The Court may also consider "matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Specifically applicable here, "[c]ourts can take judicial notice of city ordinances." *Griffin v. City of Sugar Land*, No. H-18-3121, 2019 U.S. Dist. LEXIS 5837, at *4 (S.D. Tex. 2019) (*citing In re Waller Creek, Ltd.*, 867 F.2d 228, 238 n.14 (5th Cir. 1989)).

## FACTUAL BACKGROUND

4.      Plaintiffs manage a four-story structure and outdoor bar in Kemah, Texas,  located at 606 6th Street, Kemah, Texas. The bar, called Palapas, is situated at 608 6th Street, Kemah, Texas. These adjacent lots form the property related to this litigation.

5.      According to the complaint, Matthew Placek is the owner of the Plaintiff businesses and Walter Wilson is the General Manager of Palapas bar. [Doc. 10 ¶ 22].

6.      Plaintiffs have failed to comply with *any* City regulations regarding the Plaintiffs'

desired changes to the property that are the subject of Plaintiffs' complaint.

7.    First, in early 2021, Plaintiffs constructed a wooden deck outside of Palapas, which sits in the setback area and extends into the public right-of-way, without proper permits or the city's agreement. Ex. A. To be clear, Plaintiffs never complied with the City's specific procedures for obtaining a permit to build the deck and Plaintiffs certainly never sought the City's consent to encroach  on the public right of way.  *Id*.; Ex. U.

8.    Second, Plaintiffs are using the third and fourth floors of their building for short-term rentals. The City has issued two prior commercial certificates of occupancy for the property: one certificate of occupancy for the first floor to operate as a bar, and an old certificate of occupancy for the third floor to operate as a consignment shop. Ex. U. There is no residential certificate of occupancy on file for the structure. *Id*. In pursuing vacation rentals, Plaintiffs wish to change the use of the property from all commercial to part commercial and part residential. Notably, because of Plaintiffs' failure to bring the building up to city code, the building does not and cannot qualify for a residential or mixed-use certificate of occupancy. In turn Plaintiffs' cannot obtain a short-term rental permit for the building as it currently exists.

9.    Third, Plaintiffs operated a food truck outside of Palapas without obtaining a permit from the City to operate a food truck. Ex. H, I, J, K, L. The City "red tagged" Plaintiffs' unpermitted and illegally parked food truck on October 8, 2021 and notified Plaintiffs the food truck would be towed if not moved within 72 hours. Exs. A, B, V. Plaintiffs ignored the notice and left the food truck illegally parked. After 72 hours, Bosone Wreckers towed the truck at the city's direction. Ex. W. Even though the City provided Plaintiffs

information regarding the location of the towed food truck, Plaintiffs have apparently chosen not to recover the food truck from the tow yard. Ex. W, X.

10.     On April 16, 2021, Walter Wilson went to City Hall and attempted to pay for a permit for Plaintiffs' unpermitted wooden deck. However, Wilson failed to bring a completed application packet. Ex. A. The Kemah Fire Marshal and Chief Building Official, Brandon Shoaf, told Wilson that Shoaf could not accept Wilson's money without a completed application packet. *Id*. During that conversation, Shoaf explained to Wilson that the building and bar not only needed a permit for the wooden deck constructed in violation of city code, but the building also needed permits for plumbing work, the installation of a fire suppression system, and that Plaintiffs' need a food truck permit. *Id*. Marshal Shoaf advised Wilson of the costs for each permit application and he suggested Wilson return with the proper documents. *Id*.

11.     On May 6, 2021, Plaintiffs, through Plaintiffs' attorney at the time, James Harris, met with City officials. Ex. M. Plaintiffs agreed to submit a complete permit application for their already installed deck, a change-of-occupancy application, and a short-term rental application. *Id*. Plaintiffs further agreed to seek the proper health permit from Galveston County for Plaintffs' food truck and to obtain consent from the nearby commercial businesses to operate a food truck. *Id*. The parties agreed that if Plaintiffs obtained a health permit and consent from the surrounding businesses, Plaintiffs would return to submit an application for a mobile food vehicle permit to the City. Ex. M, N.

12.     On May 27, 2021, Plaintiffs submitted an application for a short-term rental permit for their building. Ex. O. However Plaintiffs' application is on hold because Plaintiffs'

building is still not up to code. *Id.* The evidence shows the building currently has a "0" occupancy notice because of several identified and documented safety and fire hazards Plaintiffs apparently refuse to address. Ex. A, P, R, S. The building also failed an inspection for numerous plumbing-related issues. Ex. Q. Until all of these issues are rectified, Plaintiffs cannot obtain a residential or mixed-use certificate of occupancy and the City cannot grant Plaintiffs a short-term rental permit.

13.     Plaintiffs and Plaintiffs' current counsel are fully aware of the issues that need to be addressed before the City can issue any permits. Ex. U. The evidence shows Plaintiffs have had several conversations with the City about what steps need to be taken for each proposed change to the property. However, Plaintiffs continue to disregard the City's regulations and instead bring the present suit.

## **NATURE & STAGE OF THE PROCEEDINGS**

14.     Plaintiffs filed suit on January 5, 2022. [Doc. 1]. On February 22, 2022, Plaintiffs filed an amended complaint. [Doc. 10].

15.     Plaintiffs claim unconstitutional taking of Plaintiffs' property without just compensation under the Fifth Amendment to the United States Constitution and Article I of the Texas Constitution. Specifically, Plaintiffs allege the City committed a regulatory taking of (1) a wooden deck situated on Plaintiffs' commercial property; (2) the building's third and fourth floors which Plaintiffs wish to use for vacation rentals; and (3) Plaintiffs' food truck; and an additional claim for a physical taking of the food truck. Plaintiffs also claim a violation of Plaintiffs' due process rights under the Fourteenth Amendment to the

United States Constitution and Article I of the Texas Constitution. Plaintiffs allege towing Plaintiffs' food truck without prior notice constitutes a violation of due process.

16.     Plaintiffs further assert the City's application of local city ordinances violates the Equal Protection Clause. Finally, Plaintiffs seek a declaration of Plaintiffs' rights under the City of Kemah Municipal Code.

17.     Both shortly after the Plaintiffs' food truck was towed, Ex. W, and again on January 28, 2022, Ex. X, the City provided Plaintiffs with the name and contact information for the towing company, and location Plaintiff's food truck. Plaintiffs have apparently chosen not to retrieve the food truck.

## <u>SUMMARY OF THE ARGUMENT</u>

18.     The court lacks subject matter jurisdiction because none of the Plaintiffs' claims are ripe. As the evidence shows, Plaintiffs' regulatory takings claims are not ripe because the City has made no final decision. Rather Plaintiffs' claims for the City's failure to issue any permit or certificate will not be ripe until Plaintiffs' make proper applications and only if the City makes a final decision denying Plaintiffs any permits or certificates.

19.     Plaintiffs' physical taking claim is not ripe because Plaintiffs have made no attempt to retrieve the food truck from the towing company, despite the fact Plaintiffs can regain possession of the truck, which is not being held by the City, at any time.

20.     Because Plaintiffs' due process, equal protection, and declaratory judgment claims are all premised on Plaintiffs' unripe takings claims, these claims are also not ripe.

21.     Finally, even if Arguendo, Plaintiffs' can show Ripeness and this subject matter

jurisdiction, Plaintiffs' pleadings fail to state a single claim upon which relief can be granted.

## ARGUMENT & AUTHORITIES

22.     "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdiction attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

23.     "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Raj v. La. State Univ*., 714 F.3d 322, 327 (5th Cir. 2013); *Ramming*, 281 F.3d at 161.

24.     The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

## LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)

### I.    Takings Claims Not Justiciable

25.     "Federal courts cannot consider the merits of a case unless it 'presents an 'actual controversy,' as required by Art. III of the Constitution." *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008). "[M]any doctrines," including ripeness and standing, have "fleshed out the 'case or controversy' requirement." *Id*.

8

26.     "Ripeness is a question of law that implicates this court's subject matter jurisdiction." *Urban Developers LLC v. Cty. of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 295 (internal quotation marks omitted).

27.     This Court cannot evaluate the extent to which the City has interfered with Plaintiffs' use of their property, if at all, because the City has not made a final decision denying a structure permit, short-term rental permit, certificate of occupancy, or a mobile food vehicle permit.

28.     "A regulatory takings claim is not ripe until the government has reached a final decision on the challenged regulation." *DM Arbor Court, Ltd. v. Cty. of Hous*., 988 F.3d 215, 218 (5th Cir. 2021). "Only after the final regulatory decision will a court have before it the facts necessary to evaluate a regulatory takings claim...." *Id.* Because "no final decision has been made, nor even sought," the claim is not ripe. *Urban Developers LLC*, 468 F.3d at 294. The same ripeness principles apply to Plaintiffs' claims brought under the Texas Takings Clause. *Cty. of Hous. v. Commons at Lake Hous., Ltd.*, 587 S.W.3d 494, 499-502 (Tex. App.—Houston [14th Dist.] 2019), no pet.; *Residents v. Zone*, 260 F. Supp. 3d 738, 805 (S.D. Tex. 2017).

29.     Because Plaintiffs have failed to meet the burden of establishing that subject matter jurisdiction exists with respect to any federal claim, the Court must dismiss the entire complaint. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp*., 546 U.S. 500,

514 (2006).

## A.     The Palapas Outdoor Deck Claim Is Not Ripe

30.     Plaintiffs fail to allege any facts showing the City has made a final decision denying Plaintiffs a permit for the wooden deck extending Palapas' outdoor patio area. In fact, since Plaintiffs have not applied for a permit for the deck, the City has not taken any action to deny Plaintiffs a permit. Because "no final decision has been made, **nor even sought**," Plaintiffs' takings claim regarding the wooden deck is not ripe. *Urban Developers LLC*, 468 F.3d at 294 (emphasis added).

31.     Plaintiffs assert no permits are required for Plaintiffs' ground level wooden deck.[1] But this assertion is simply incorrect. Under the City ordinances, a structure is defined as "that which is built or constructed, an edifice or building of any kind, or any piece of work artificially built or composed of parts joined together in some definite manner, or any part thereof." KEMAH, TX., CODE § 18-236 (2021). Section 18-22 of the City's municipal code expressly requires a permit for any residential or commercial structure within the city limits. *Id.* at § 18-22. Plaintiffs were required to obtain a permit before building Plaintiffs' wooden deck.

32.     Resolution Number 2017-11 is a city variance which provides a procedure by which business owners may obtain the necessary permits and agreements to build a structure, such as a deck, in the setback area. By following the process, a business owner can obtain a permit to build a structure in the setback area. Ex. C.  If a business owner wishes to build

---

[1] Of course, if no permit were required, Plaintiffs would not have a factual basis let alone legal standing to sue for an alleged denial of a permit.

a structure which extends beyond the setback line, the owner must meet all the permit requirements for building in the setback area and additionally seek the City's consent to encroach on the right-of-way. Ex. D.

33.     As the evidence also shows, Ex. M, N, U, City officials expressly advised Plaintiffs several times that under Resolution Number 2017-11, Plaintiffs must submit: (1) a survey from a licensed Texas surveyor of the lot dimensions, boundaries, rights of way, recorded easements, and location of all monuments, apparatus, or poles; and (2) a site plan which includes the proposed location, plans, and specifications of the structures. Ex. C. The resolution states no use shall commence until these documents are furnished. *Id*.

34.     The City of Kemah municipal code provides that the rejection of a permit or certificate at the "staff level" is a "mere allegation." KEMAH, TX., CODE § 1-14(e). An applicant has 30 days to appeal to the City Council. *Id.* The City Council's decision is the final decision. *Id*. Plaintiffs' factual allegation show that Plaintiffs, at most, had a single conversation with a staff-level City employee. This is hardly the City's "final decision."

35.     Because the evidence shows Plaintiffs never submitted a complete permit application, had a permit application denied, or appealed to the City Council, Plaintiffs' "claim is not ripe and this court has no jurisdiction to hear it." *Dahl v. Surfside Beach*, No. 3:20-cv-201, 2022 U.S. Dist. LEXIS 25757, at *10 (S.D. Tex. 2022) (Brown, J.); *Murphy v. City of Galveston*, No. 3:12-CV-00167, 2021 U.S. Dist. LEXIS 62210, at *16-17 (S.D. Tex. 2021). This Court should dismiss this claim for lack of subject matter jurisdiction.

### B.     Short-Term Rentals Claim Not Ripe

36.     While Plaintiffs submitted an application for a short-term rental permit in May of

11

2021, the City has not made a final decision denying the permit. The application is merely on hold until Plaintiffs are able to pass an occupancy inspection. Ex. O.

37.     Plaintiffs submitted a certificate of occupancy application in June of 2021. Ex. P. However, Plaintiffs failed an inspection in July of 2021, Ex. Q, R, S, and since then Plaintiffs have made no discernable efforts to bring the building up to code. Plaintiffs must bring the building up to code and pass an occupancy inspection before the City can move forward in considering Plaintiffs' application for a short-term rental permit.

38.     Under the City's municipal code, it is unlawful for any business "[t]o operate within the city without first complying with all applicable codes, ordinances, local, county, state and federal laws and registration requirements," or "to change the occupancy type of an existing building without first bringing the building into compliance with all applicable building codes, ordinances, local, county, state and federal laws and registration requirements." KEMAH, TX., CODE § 22-47. Plaintiffs concede the third and fourth floors of the building are not up to code. [Doc. 10 ¶¶ 34-35].

39.     Short-term rentals are governed by Section 114, Article III of the City's municipal code, which establishes "regulations for the use of privately owned dwellings as short-term rentals, to minimize negative ancillary impact on surrounding properties, and to ensure the collection and payment of hotel occupancy tax." KEMAH, TX., CODE § 114-51. The Code further states "[i]t shall be unlawful for any person or entity to rent, or offer to rent, any short-term rental without a valid short-term rental permit issued under this article." *Id.* § 114-53. Short-term rentals are subject to specific operational requirements and are subject to an occupancy tax in the same manner as hotels. *Id.* § 114-55; TEX. TAX CODE

§ 156.001(b).

40.    The only certificates of occupancy currently on file for the property are for commercial use. Ex. U. There is no prior residential certificate of occupancy for the building, and Plaintiffs do not claim there is. Therefore, when Plaintiffs began renting the upper floors of the building to the public as short-term rentals, Plaintiffs engaged in an unpermitted change in occupancy type. Plaintiff did so knowing not only that they are using this property without the appropriate certificate of occupancy, but also that Plaintiff's cannot obtain a certificate of occupancy for residential use until Plaintiffs make the building safe for such intended use.

41.    Plaintiffs have not satisfied the legal prerequisites to pursuing a short-term rental permit or a residential certificate of occupancy. Plaintiffs' regulatory taking claims will not be ripe unless and until Plaintiffs make efforts to bring the units up to code and undergo another inspection. Even then, should the applications be denied, Plaintiffs must appeal to the City Council before the decisions are considered final. KEMAH, TX., CODE § 1-14(e).

42.    Plaintiffs have not completed these steps. As such, this "claim is not ripe and this court has no jurisdiction to hear it." *Dahl*, 2022 U.S. Dist. LEXIS 25757, at *10; *Urban Developers LLC*, 468 F.3d at 294. The Court should dismiss this claim for lack of subject matter jurisdiction.

### C.    Food Truck Claim Not Ripe

43.    To the extent Plaintiffs claim a regulatory taking of Plaintiffs' food truck, this claim will not be ripe unless and until Plaintiffs submit an application for a mobile food vehicle permit that is denied. Once again, should the city deny Plaintiffs' application, Plaintiffs

must appeal to the City Council before the decision is considered final and therefore otherwise actionable. KEMAH, TX., CODE § 1-14(e).

44.     Yet Plaintiffs have never even submitted an application to the City for a mobile food vehicle permit, Exs. A, H, I, J, K, L,V, and  Plaintiffs do not allege otherwise. Because "no final decision has been made, **nor even sought**," the claim is not ripe. *Urban Developers LLC*, 468 F.3d at 294 (emphasis added); *Dahl*, 2022 U.S. Dist. LEXIS 25757, at *10. This claim should be dismissed for lack of subject matter jurisdiction.

### D.     Vehicle-Towing Takings Claim Not Justiciable

45.     Plaintiffs claim the City's decision to tow Plaintiffs' truck amounts to a physical Fifth Amendment taking.[2] This claim lacks both ripeness and standing.

46.     Issues will not be ripe for judicial review if future events will greatly shape the outcome of the litigation. "Justiciability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." *Barbour*, 529 F.3d at 544. The question of "ripeness" can be phrased as "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Id*. "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008).

47.     Unquestionably, litigation of this claim will be greatly shaped by future events.

---

[2] Plaintiffs have been aware of the location of their food truck since October 12, 2021, when Plaintiffs called the Kemah Police Department to inquire about the food truck. Plaintiffs' truck is still with the towing company. On January 28, 2022, Defense counsel sent a letter to Plaintiffs' counsel specifying the name, address, and phone number of the towing company, Bosone Wreckers. Despite this, in Plaintiffs' amended complaint, Plaintiffs wrongly insist "Defendants have still failed to disclose the location of the Food Truck to It's Five O'Clock." [Doc. 10 ¶¶ 3, 40, 54].

Plaintiffs have yet to make any attempt to retrieve Plaintiffs' vehicle from the tow lot.

Plaintiffs do not show that judicial intervention is necessary for Plaintiffs to claim Plaintiffs' vehicle from the tow lot. Plaintiffs are more than capable of picking up their vehicle without a court order. As such, this claim has not matured sufficiently to warrant judicial intervention.

48.     Regarding the damages Plaintiffs seek for out-of-pocket expenses paid for storage and towing fees, Plaintiffs will have a future opportunity to seek reimbursement. TEX. OCC. CODE § 2308.451. If a judge or magistrate finds the City lacked probable cause to tow the vehicle, Plaintiffs will be reimbursed. *Id*. When Plaintiffs retrieve the vehicle from the towing company, Plaintiffs should receive a post-tow notice detailing Plaintiffs' right to a hearing. *Id.* § 2308.454(a).

49.     Here, "further factual development would…significantly advance [the court's] ability to deal with the legal issues presented" and would "aid…in their resolution." *Dahl*, 2022 U.S. Dist. LEXIS 25757, at *5 (citing *Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 681 (N.D. Tex. 2016)); *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 737 (1998).

50.     "Ripeness often overlaps with standing," just as in this case. *Barbour*, 529 F.3d at 544-45. "In order to have standing, a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id*. (internal quotations marks omitted).

51.     The City provided Plaintiffs with the name of the towing company and location of

Plaintiffs' truck on October 12, 2021, Ex. W, and again on January 28, 2022, Ex. X. Defendant can only conclude Plaintiffs have intentionally chosen not to claim Plaintiffs' food truck. "[S]tanding cannot be conferred by a self-inflicted injury." *Zimmerman v. City of Austin*, 881 F.3d 378, 389 (5th Cir. 2018).

52.    Because future events will shape this litigation and what, if any, injury is suffered, Plaintiffs' claim lacks ripeness and standing. *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007). Plaintiffs have not met the burden of establishing an actual case or controversy. These "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561.

53.    The Court should dismiss this claim for lack of subject matter jurisdiction.

**II.    The Due Process Claim Is Not Ripe**

54.    Plaintiffs' procedural due process claim is based on an alleged "taking"—the towing—of the food truck. Because Plaintiffs' takings claim is not ripe, this claim is also not ripe.

55.    "The [underlying] takings claim is not yet ripe, and…when a court may assess the takings claim [the court] will also be able to examine whether [Plaintiffs] were afforded less procedure than is constitutionally required." *John Corp. v. Cty. of Hous.*, 214 F.3d 573, 585 (5th Cir. 2000). Plaintiffs' "procedural due process claim is unripe," based on "the general rule that a claim is not ripe if additional factual development is necessary." *Id.*

56.    Plaintiffs have not alleged facts showing Plaintiffs' procedural due process claim is

separate and distinct from the vehicle-towing takings claim.[3] *John Corp*., 214 F.3d at 586

(*accord. Steward v. City of New Orleans*, 537 F. App'x 552, 555-56 (5th Cir. 2013)).

Plaintiffs' due process claim is "not sufficiently independent of the takings claim as not to

be subsumed by it. As a result, those claims are also unripe for adjudication." *Steward*, 537

F. App'x at 556.

57.     Therefore, the Court should dismiss this claim for lack of subject matter jurisdiction.

## III.     The Equal Protection Claim Is Not Ripe

58.     Plaintiffs have essentially restated Plaintiffs' takings claims as an equal protection

claim.

59.     "Only after the final regulatory decision will a court have before it the facts

necessary to evaluate a regulatory takings claim...." *DM Arbor Court, Ltd. v. City of Hous.*,

988 F.3d 215, 218-19 (5th Cir. 2021). "When similar 'factual development is necessary'

for related claims—like the...equal protection...claims [plaintiff] alleges—then those

claims are also not ripe until the regulator has made a final decision." *Id.* A "case is not

ripe if further factual development is required." *Roark & Hardee*, 522 F.3d at 545.

60.     Plaintiffs' equal protection claim is premised upon Plaintiffs' takings claims.

Because Plaintiffs' takings claim are not ripe, this claim is also not ripe. The Court should

dismiss this claim for lack of subject matter jurisdiction.

## IV.     Plaintiffs' Declaratory Judgment Claim Is Not Ripe

61.     "[W]hen similar 'factual development is necessary' for related claims,' such as

---

[3] The damages Plaintiff seeks for the purported due process violation—"lost profits" and "lost value of the property's use" [Doc. 10 ¶ 56]—demonstrate that Plaintiffs' alleged due process injury is really "a taking without just compensation," *Steward*, 537 F. App'x at 555-56.

[Plaintiffs'] declaratory-judgment claim, 'then those claims are also not ripe until the regulator has made a final decision.'" *Dahl v. Surfside Beach*, No. 3:20-cv-201, 2022 U.S. Dist. LEXIS 25757, at *5 (S.D. Tex. 2022) (Brown, J.). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* Plaintiffs' takings claims against the City are "not yet ripe because the city council has not made a final decision about [Plaintiffs'] permit application." *Id.* "For the same reason, [Plaintiffs'] declaratory-judgment claim as to [the City of Kemah's] ordinance is also unripe." *Id.*

62.     The Court should dismiss this claim for lack of subject matter jurisdiction.

## FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

63.     If the Court does not dismiss Plaintiffs' complaint under Rule 12(b)(1), the Court should dismiss the complaint under Rule 12(b)(6).

64.     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions can only provide the "framework" for a complaint supported by accompanying factual allegations. *Id*. at 679. A complaint must allege "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

65.     While taking "well-pleaded facts" to be true, *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 205 (5th Cir. 2007), the Court should not "strain to find inferences

favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions," *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Norris*, 500 F.3d at 464. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and it is not proper to assume the plaintiff "can prove facts that [plaintiff] has not alleged." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

66. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007).

**I. Plaintiffs Fail to Allege Facts to State a Fifth Amendment Takings Claim**

67. The Fifth Amendment of the U.S. Constitution "provides that private property shall not 'be taken for public use, without just compensation.'" *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). A regulatory taking will occur when governmental regulations completely deprive an owner of all economically beneficial uses of his property. *Id.* at 538.

68. To evaluate a regulatory taking where "regulations…fall short of completely eliminating a property's value," courts look at several factors including the "economic impact of the regulation," the extent to which "the regulation has interfered with distinct investment-backed expectations," and "the character of the governmental action." *Id*. at

538-39; *Degan v. Bd. of Trs. of the Dall. Police & Fire Pension Sys*., 956 F.3d 813, 815 (5th Cir. 2020). Courts "must consider all of the surrounding circumstances and employ a fact-sensitive test of reasonableness" when considering "non-categorical" regulatory takings claims. *DM Arbor Court, Ltd. v. City of Hous*., No. H-18-1884, 2021 U.S. Dist. LEXIS 203015, at *66 (S.D. Tex. 2021). The "touchstone" is to identify regulatory actions that are "functionally equivalent to the classic taking in which government directly appropriates private property or ousts the owner from his domain." *Lingle*, 544 U.S. at 536

69.     Plaintiffs allege this second type of taking. In every case, all three non-categorical regulatory taking factors weigh in favor of the City.

### A.    Plaintiffs Fail to State a Claim of a Taking for Palapas Outdoor Deck

70.     The economic impact of a regulation is determined by comparing "the value that has been taken from the property with the value that remains in the property." *DM Arbor Court, Ltd*., 2021 U.S. Dist. LEXIS 203015, at *66; *Murr v. Wisconsin*, __ U.S. __, 137 S. Ct. 1933, 1937 (2017).

71.     The complaint does not allege facts showing Plaintiffs are unable to use the bar or have lost any ability to generate revenue from the outdoor bar. The deck simply exists unpermitted. Plaintiffs do not even allege Plaintiffs have refrained from using the unpermitted deck. As Plaintiffs themselves argue, Palapas has operated for many years prior to Plaintiffs building this wooden deck. [Doc. 10 ¶ 17]. There is no reason why Palapas cannot continue to successfully operate and serve customers in the same manner as it did prior to the deck's existence.

72.     The loss of anticipated gains or potential future profits is typically not considered.

*Andrus v. Allard*, 444 U.S. 51, 66 (1979) (*accord. Hackbelt 27 Partners, L.P. v. Cty. of Coppell*, 661 F. App'x 843, 850 (5th Cir. 2016)). Even if Plaintiffs planned on increasing the bar's future profits due to an extended patio and additional seating, Plaintiffs' "mere unilateral expectation" of future profits or other value to be gained from the deck "is not a property interest entitled to protection." *Webb's Fabulous Pharmacies v. Beckwith*, 449 U.S. 155, 161 (1980); *Evert v. City of Galveston*, No. G-10-117, 2010 U.S. Dist. LEXIS 94982, at *7 (S.D. Tex. 2010), *adopted* 2010 U.S. Dist. LEXIS 94924, at *2 (S.D. Tex. 2010).

73.    "A 'reasonable investment-backed expectation' must be more than a 'unilateral expectation or an abstract need.'" *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1005 (1984). "[T]he regulatory regime in place at the time the claimant acquires the property at issue helps to shape the reasonableness of those expectations." *Palazzolo v. Rhode Island*, 533 U.S. 606, 633 (2001) (O'Connor, J., concurring). Plaintiffs have pled no facts showing interference with a *reasonable* expectation.

74.    There is nothing the City has done which could be construed as a taking. Plaintiffs cannot bring a takings claim "simply because [Plaintiffs are] not allowed to take a certain action without a permit." *Dominican Mgmt., LLC v. City of Arlington*, 7 F. Supp. 3d 659, 666-67 (N.D. Tex. 2014) (citing *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 334-35, 122 S. Ct. 1465, 1485 (2002)). "A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted." *United States v. Riverside Bayview Homes, Inc*., 474 U.S.

121, 126-27 (1985).

75.    Plaintiffs fail to state a claim for which relief can be granted.

**B.    Plaintiffs Fail to State a  Claim of a Taking for Their Proposed  Short-Term Rentals**

76.    Plaintiffs do not show that Plaintiffs lost any value in the property due to Plaintiffs' inability to obtain a short-term rental permit or certificate of occupancy. Plaintiffs' anticipated use of the building for short-term rentals only represents anticipated gains or potential future profits, which are not sufficient. *Allard*, 444 U.S. at 66.

77.    Plaintiffs can have no reasonable, investment-backed expectation in using the third and fourth floors as short-term rentals, where Plaintiffs have neither the proper permit or occupancy certificate. *Ruckelshaus,* 467 U.S. at 1005; *Palazzolo*, 533 U.S. at 633.

78.    City regulations requiring Plaintiffs to obtain a certificate of occupancy or a short-term rental permit are not takings. *Riverside Bayview Homes, Inc*., 474 U.S. at 126-27.

79.    Plaintiffs do not state a regulatory takings claim.

**C.    Plaintiffs Fail to State a Takings Claim of a Taking Related to the Food Truck**

80.    Certainly, Plaintiffs are not allowed to sell food and beverages without a permit. Plaintiffs do not show any value that has been taken from the property or interference with a reasonable, investment-backed expectation. *Ruckelshaus,* 467 U.S. at 1005; *Palazzolo*, 533 U.S. at 633. As discussed above, the mere fact that the City requires a permit is not taking. *Riverside Bayview Homes, Inc*., 474 U.S. at 126-27.

81.    Therefore, Plaintiffs do not state a regulatory takings claim.

**D.    Plaintiffs Fail to State a Takings Claim for Towing This Food Truck**

82.    Not only did Plaintiffs park the food truck in a public right-of-way—without written authorization from the City—but Plaintiffs installed the food truck as a permanent fixture and illegally left the food truck on location overnight, for several nights in a row. These actions violated Ordinance No. 1193. Ex. B.

83.    The type of governmental action at issue—towing an unpermitted, illegally parked vehicle—is simply not a taking. Where the government has seized property under some power other than eminent domain and where the seizure is not for public use, the seizure is not a Fifth Amendment taking. *Bennis v. Michigan*, 516 U.S. 442 (1996), *superseded by statute*, Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, 114 Stat. 202; *United States v. Various Gambling Devices*, 478 F.2d 1194, 1198 (5th Cir. 1973); *Xie v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. H-19-5014, 2020 U.S. Dist. LEXIS 200418, at *24-*25 (S.D. Tex. 2020). "[M]any government-authorized physical invasions will not amount to takings because they are consistent with longstanding background restrictions on property rights." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2079 (2021).

84.    "Courts have consistently held that a [governmental entity] need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 491 n.22 (1987). The Takings Clause does not stand for the proposition that the government must pay to enforce the laws. *Id*. at 491. The government "may take, damage, or destroy private property without compensation, when the public necessity, the public health, or the public safety require it to be done." *Hulen v. Corsicana*, 65 F.2d 969,

23

970 (5th Cir. 1933). For example, a plaintiff failed to state a takings claim where the U.S. Army Corps of Engineers removed and destroyed the plaintiff's unpermitted dock and boathouse. *Paternostro v. Custer*, No. 4:15CV71-RC-CMC, 2016 U.S. Dist. LEXIS 35254, at *27 (E.D. Tex. 2016).

85.    Several district courts "have found that the towing and subsequent storage of vehicles does not constitute a public use" and is not a taking. *E.g. Brite Fin. Servs., LLC v. Bobby's Towing Serv., LLC*, 461 F. Supp. 3d 549, 558 (E.D. Mich. 2020) (collecting cases); *Olivier v. Hicks*, No. 3:17-cv-01300, 2018 U.S. Dist. LEXIS 95282, at *15 (M.D. Tenn. 2018); *Lewis v. Hanemann*, No. 14-3368, 2015 U.S. Dist. LEXIS 138331, at *23 (W.D. La. 2015); *Dudley v. Kan. City Police Dep't*, No. 4:13-CV-918-DGK, 2014 U.S. Dist. LEXIS 61741, at *7 (W.D. Mo. 2014). "Plaintiff's property was not taken for public use, but rather [the] vehicle was towed because [plaintiff had failed to use the vehicle] in accordance with the laws. As such, [plaintiff's] takings claim fails as a matter of law." *Qadriyyah Sabreen El'amin Bnt Abdullah Bey v. Hood*, No. 6:19-CV-00227-JDK, 2020 U.S. Dist. LEXIS 99764, at *20 (E.D. Tex. 2020).

86.    Plaintiffs do not state a plausible takings claim. The Court should dismiss this claim.

## II.    Plaintiffs Fail to State a Due Process Claim

87.    Plaintiffs claim Plaintiffs' Fourteenth Amendment due process rights were violated because the City did not give Plaintiffs notice before the food truck was towed. 4 The Fifth

---

4 Plaintiffs also allege violation of the Texas Constitution's Due Course of Law Clause. "Because the protections afforded by this clause and the Due Process Clause are the same, no separate analysis of the due course of law claim is necessary." *Lindquist v. Cty. of Pasadena*, 525 F.3d 383, 387 n.3 (5th Cir. 2008) (citing *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)).

Circuit has held "that prior notice and hearing is not required to tow illegally parked cars." *Breath v. Cronvich*, 729 F.2d 1006, 1010-11 (5th Cir. 1984). Therefore, Plaintiffs' allegations do not state a due process violation.

88.    Additionally, Plaintiffs cannot claim a lack of due process because Plaintiffs can still obtain a post-tow hearing under Texas law. *Breath*, 729 F.2d at 1011-12; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Corkery v. Tex. Christian Univ.*, 955 S.W.2d 424, 426 (Tex. App. Fort Worth 1997), *pet. denied*. The owner of a towed vehicle "is entitled to a hearing on whether probable cause existed for the removal and placement or booting." TEX. OCC. CODE § 2308.452. If the judge or magistrate determines probable cause did not exist to tow the vehicle, the owner is entitled to reimbursement for tow or storage costs already paid. *Id.* § 2308.451. When Plaintiffs retrieve the vehicle from the towing company, Plaintiffs should receive a post-tow notice detailing Plaintiffs' right to a hearing. *Id.* § 2308.454(a). Plaintiffs will have fourteen days from the date Plaintiffs obtain the post-tow notice to request a hearing in writing. *Id.* § 2308.456(c-1). Plaintiffs are not entitled to claim a due process violation because Plaintiffs never availed themselves of this opportunity to be heard under Texas law.

89.    Plaintiffs do not state a plausible due process claim. The Court should dismiss this claim.

## III.    Plaintiffs Fail to State an Equal Protection Claim

90.    To "state a claim under the Equal Protection Clause, plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). "Petitioner must show that

25

defendants acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination." *Kossie v. Crain*, 602 F. Supp. 2d 786, 792 (S.D. Tex. 2009).

91.    Plaintiffs appear to bring a "selective enforcement" equal protection claim. *Bryan v. City of Madison*, 213 F.3d 267, 276-77 (5th Cir. 2000). "[T]o successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Id.*

92.    Plaintiffs' complaint fails to state an equal protection claim. Plaintiffs only make conclusory assertions. Plaintiffs do not allege Plaintiffs are members of any identifiable class, and Plaintiffs do not identify "any [persons] who had these standards applied to him or her in a manner different from the way they were applied to [plaintiffs]." *Bryan*, 213 F.3d at 276-77. "Because the clause's protection reaches only dissimilar treatment among similar people, if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action does not deny equal protection of the laws." *Hines v. Quillivan*, 982 F.3d 266, 272-73 (5th Cir. 2020). Here, Plaintiffs fail to provide sufficient factual content demonstrating that the City is distinguishing between two or more relevant persons or groups.

93.    Additionally, Plaintiffs have "never alleged any improper motive by the [City]." *Bryan*, 213 F.3d at 276-77. Plaintiffs' complaint fails to explain why the City's application of local ordinances to Plaintiffs is improper. *Id.* Plaintiffs do "not allege that [the City] did so because of [Plaintiffs'] race, his religion, [Plaintiffs'] attempts to assert [their]

constitutional rights, or just personal vindictiveness." *Id.* Plaintiffs' "selective enforcement claim fails for that reason." *Id.*

94. Plaintiffs do not state a plausible claim for relief. The Court should dismiss this claim.

## IV. Plaintiffs Fail to State a Declaratory Judgment Claim

95. Plaintiffs' claim under the Federal Declaratory Judgment Act is simply a repackaging of Plaintiffs' other claims. "[T]he Declaratory Judgment Act is procedural and does not create an independent private right of action." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015) (*accord. Rogers v. Cty. of Yoakum*, 660 F. App'x 279, 283 n.3 (5th Cir. 2016)). "In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 U.S. Dist. LEXIS 151521, at *11 (N.D. Tex. 2015).

96. "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Verde Minerals, LLC v. Koerner*, Civ. Action No. 2:16-CV-199, 2019 U.S. Dist. LEXIS 53960, at *3 (S.D. Tex. March 29, 2019). "Because each of their substantive claims failed to state a cause of action upon which relief can be granted, Plaintiffs have no underlying claim to which they can tether their claim for declaratory judgment." *Cody v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 3:19-CV-1935-K, 2021 U.S. Dist. LEXIS 20406, at *30-31 (N.D. Tex. 2021).

97. Similarly, Plaintiffs state no claim under the Texas Declaratory Judgments Act, because the Fifth Circuit has interpreted the Texas Declaratory Judgments Act as a

procedural statute that is inapplicable to federal court. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006).

98.    Plaintiffs' declaratory judgment claim does not exist independently from Plaintiffs' other claims. Moreover, Plaintiffs' declaratory judgment claim cannot survive dismissal because Plaintiffs have no other remaining claims. The Court should dismiss this claim.

## <u>CONCLUSION</u>

99.    For the foregoing reasons, this Court should dismiss all of Plaintiffs claims for lack of subject matter jurisdiction under Rule 12(b)(1). Alternatively, if the Court does not dismiss Plaintiffs' claims for lack of subject matter jurisdiction, then the Court should dismiss all of Plaintiffs' claims for failure to state a claim for which relief can be granted under Rule 12(b)(6).

> Respectfully Submitted,
>
> LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>  */s/ William S. Helfand*
> William S. Helfand
> Texas Bar No. 09388250
> 24 Greenway Plaza, Suite 1400
> Houston, Texas 77046
> (713) 659-6767 Telephone
> bill.helfand@lewisbrisbois.com
>
> *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing has been served on all counsel of record through the Court's electronic filing system on March 24, 2022.

/s/ William S. Helfand
William S. Helfand