# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| T&W HOLDING COMPANY, LLC; PALAPAS, INC.; and IT'S FIVE O'CLOCK HERE, LLC, | § § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 3:22-cv-7 |
| v. | § § | JURY DEMANDED |
| CITY OF KEMAH, TEXAS | § § § | |
| *Defendant.* | § § | |

**<u>Declaration of Brandon Shoaf in Support of Defendant's Motion to Dismiss</u>**

I, Brandon Shoaf, declare:

1. I, Brandon Shoaf, am over 18 years of age, and I am fully competent to make this declaration. I am personally familiar with the information contained herein, because I personally observed or participated in the events described herein.

2. I served as the Fire Marshal and Chief Building Official for the City of Kemah from approximately March of 2021 to February of 2022, when I resigned.

3. I am familiar with the four-story structure situated at 606 6th Street, Kemah, Texas, 77565, and the outdoor bar, Palapas, situated at 608 6th Street, Kemah, Texas 77565. These lots are adjacent to each other ("the property"). I am familiar with Matthew Placek as the owner of the property. I am also familiar with and I have interacted with Palapas' general manager, Walter Wilson.

4. On April 14, 2021, I visited the property and observed a wooden deck. I immediately noticed the deck was both (1) in the setback area and (2) encroaching on the public right-of-way. Because there was no permit and no encroachment agreement on file with the City for this structure, I issued a stop work order for the deck.

5. On April 16, 2021, Mr. Wilson came to City Hall and attempted to pay for a permit for the wooden deck, but Mr. Wilson did not bring a completed application. I could not accept Mr. Wilson's money without a completed application packet. During our conversation, I further explained to Mr. Wilson the building and bar not only needed a permit for the wooden deck, but also permits for plumbing work, the installation of a fire suppression system, and a food truck permit. I advised Mr. Wilson of the costs for each permit application and I suggested Mr. Wilson return with the proper documents.

6. In an email dated April 16, 2021 to then-Mayor Terri Gale, I referenced speaking with Mr. Placek. I was mistaken and it was Mr. Wilson who I had actually spoken with that day.

7. On April 28, 2021, I visited the property accompanied by an officer from the Kemah Police Department. I observed smoke coming from Plaintiffs' food truck and spoke with Mr. Wilson. Mr. Wilson admitted the food truck was in use. I issued a citation to Mr. Wilson for operating a food truck without a permit.

8. Mr. Placek submitted a short-term rental application on May 27, 2021. However, I placed the application on hold because a residential or mixed-use certificate of occupancy is a threshold requirement for consideration of such an application. Mr. Placek had no such certificate on file.

9. T&W Holding LLC submitted a certificate of occupancy application on June 28, 2021, but the building failed the subsequent inspection due to unpermitted plumbing work. I was on scene for the inspection and I observed several other safety and fire hazards. For example, the building lacked a fire suppression system and required means of egress. While I did not have the opportunity to inspect the entire building at that time, I made clear to Plaintiffs that these issues needed to be addressed with respect to the portions of the building I did observe. I issued a "0" occupancy status for the building.

10. Mr. Placek submitted a plumbing permit application on August 13, 2021 for a contractor bring the plumbing work up to code; however, Placek did not pay the associated fee and therefore the City never issued the permit.

11. On October 8, 2021, at the direction of the administration I "red tagged" Plaintiffs' food truck with notices stating the vehicle was illegally parked and would be towed at the owner's expense within 72 hours. I placed notices in two prominent locations on the vehicle, including the door of the food truck.

12. After 72 hours, the vehicle was still in the same location. On October 11, 2021, I arranged through the Kemah Police Department for Bosone Wreckers to tow the illegally parked truck.

13. As of the date Plaintiffs filed this lawsuit, the City had still not received a complete application for a permit for the wooden deck from any of the Plaintiffs. Submission of a permit application is the first step in seeking the City's consent to encroach on a public right-of-way: thus, Plaintiffs have not sought the City's consent to encroach on the public-right-of way.

14. As of the date Plaintiffs filed this lawsuit, to my observation Plaintiffs have fully constructed the deck in question without the required permit and have taken no steps to disassemble or remove the deck.

15. As of the date Plaintiffs filed this lawsuit, none of the Plaintiffs had submitted an application for a permit to operate a mobile food vehicle.

16. As of the date Plaintiffs filed this lawsuit, Plaintiffs' building had not successfully passed an occupancy inspection and Plaintiffs had given no indication of any intent to comply with the City code.

_____
Brandon Shoaf
Declarant

My name is Brandon Shoaf and my date of birth is  26 JUN 1977 , and my address is  PO Box 1346 Pearland, Texas 77588 .

I declare under penalty of perjury that every statement in the foregoing declaration is within my personal knowledge and is true and correct.

Executed in  Galveston  County, State of Texas, on this  23  day of March, 2022.

_____
Brandon Shoaf
Declarant

3